DANIEL G. BOGDEN
United States Attorney
CRISTINA D. SILVA
Assistant United States Attorney
Nevada Bar No. 13760
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Fax: (702) 388-5087
cristina.silva@usdoj.gov

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:15-cr-00090-KJD-PAL |
| Plaintiff, | GOVERNMENT'S MOTION FOR DOWNWARD DEPARTURE PURSUANT TO USSG § 5K1.1 |
| vs. | |
| PHILBERT COLE, | |
| Defendant. | |

The United States, by and through Daniel G. Bogden, United States Attorney, District of Nevada, and Cristina D. Silva, Assistant United States Attorney, hereby moves for a six (6) level downward departure based on substantial assistance pursuant to U.S.S.G. § 5K1.1.

**Brief Summary of Facts:**

The Defendant, Philbert Cole, conspired with Brian Wright and Danielle Perriera to rob three jewelry stores between April 29, 2014, and May 19, 2014. In each of the robberies, Cole operated as the robber and gun man, entering the stores,

1

telling the victims/witnesses to get on the ground and then ordering employees to fill a bag with jewelry. During the second robbery, he actually disarmed a security guard and stole his firearm.

In the first robbery, Cole stole with approximately five hundred forty-five thousand dollars ($545,000.00). The estimated value of items stolen during the second robbery was approximately three hundred nineteen thousand three hundred twenty-two dollars and sixty cents ($319,322.60). The estimated value of items stolen during the third robbery was approximately two hundred fifty-two thousand one hundred eighty-seven dollars ($252,187.00).

Cole was subsequently identified because the store manager from the third robbery retrieved a firearm and ran out the back door of the store when he realized a robbery was occurring/just occurred.  The manager then observed the robber, (Cole), which he described as a black male, 5'11" 170 pounds, enter a mid-2000's Hyundai sedan. The manager was able to obtain the vehicle's license plate number - Nevada 978 LGL. Henderson Police Detectives determined that the getaway vehicle was registered to Sin City Auto Rentals. Investigators interviewed the owner of Sin City Auto Rentals (hereinafter "the owner") who identified Philbert Cole as the person who had rented the getaway car. The owner also indicated that Cole had previously rented a white 2006 Chevrolet Impala from him approximately 3-5 weeks prior.  The owner provided investigators with information recorded by the Hyundai's onboard GPS. This information indicated that the vehicle has been in the area of the

Lantana Apartment Homes located at 6501 West Charleston Boulevard, Las Vegas, Nevada.

Additional interviews with the owner confirmed that Brian Wright was often with Philbert Cole when they were at Sin City Auto Rentals and that Brian Wright often made payments on the rental cars. The owner also recalled a time (during the relevant timeline of the robberies) where Wright and Cole discussed with him the possibility of selling "jewelry" to an associate of the owner of Sin City.

Employees at the Lantana Apartment Homes identified Philbert Cole as a tenant in apartment #144 in building #13. On May 20, 2014, Henderson PD Detectives conducted surveillance at that location and observed Cole arrive at apartment #144. Cole ran when he was approached by Detectives. He was subsequently apprehended a short distance away. Cole provided a post-Miranda statement to Detectives during which he admitted to recently renting a blue Hyundai. The owner positively identified Cole by photo line-up as the subject who rented the getaway vehicle connected to the Henderson robbery. Cole was also positively identified by two people present during the May 19th robbery.

**Nature of Cooperation:**

At the time of his arrest, Cole refused to answer any questions about the robberies. Later, Philbert Cole agreed to speak with law enforcement officers about the robberies. He subsequently provided numerous statements to both state and federal investigators, as well as local and federal prosecutors. As a result of his

3

statements, investigators were able to confirm Cole's co-conspirators -- Brian Wright and Danielle Perriera. Cole stated that Brian Wright masterminded the robberies, provided Cole with the firearms used in the robberies, and received most of the proceeds from them. Cole identified Danielle Perriera as a "getaway driver." Cole stated he would exit the stores, give the guns and the bags of jewelry to Perriera, who was waiting outside nearby in a car. Cole would then make his getaway in the opposite direction from Perriera's exit from the scene. According to Cole, Perriera also helped Wright conduct surveillance on the stores prior to the robberies and is believed by Cole to have the connections to fence the jewelry.  The evidence recovered during this investigation corroborated Cole's statements.

**About the Defendant:**

The Defendant is a 26-year old man (24 at the time of the offenses).  He comes from a stable home. His mom is a college professor and his father is career military gentleman. The Defendant attended some college, but eventually dropped out. As a teenager, the Defendant acted out, using drugs and doing performing poorly in school. According to the Defendant's PSR, his parents initially thought the Defendant was acting out as a rebellious teenager; however, the Defendant was later diagnosed with severe depression and bi-polar disorder. As with many individuals diagnosed with mental health problems, the Defendant thought he was "fine" and did not need medication. Cole thought could control his mood disorder by self-medicating with alcohol and marijuana. According the PSR, Cole is easily

manipulated, which – according to them—is why Wright recruited / took advantage of him to be the gun-man during the robberies.

The Defendant has no felony convictions.  He has one misdemeanor battery conviction which was expunged after he completed counseling.

**The Plea Agreement:**

Defendant Philbert Cole ("Cole" or "the Defendant") pleaded guilty to one count of *Conspiracy to Interfere With Commerce By Robbery* in violation of Title 18, United States Code, Section 1951(a), three counts of *Interference with Commerce by Robbery,* and one count of *Brandishing a Firearm During a Crime of Violence,* in violation of U.S.C. §§ 924(c)(1)(A).

**Guideline Calculations**:

The Pre-Sentence Investigation Report (PSR) calculates the Defendant's guidelines[1] as follows:

a. **Counts 1 and 2 (Group 1)** – *Conspiracy to Interfere with Commerce by Robbery* and *Interference with Commerce by Robbery*:

**Base Offense Level**:      The base offense level is   20

**Specific Offense Characteristic**:

Firearm was brandished or possessed          +5

Loss was more than $500,000 but less
than $1,500,000                                              +3

---

[1]      The PSR calculates the Defendant's guidelines differently than the calculations included in the plea agreement. For purposes of this case, the United States does not dispute the United States Probation Office's calculation of the advisory guidelines and respectfully requests that the Court adopt those guidelines.

**Victim Related Adjustment**:                              0

**Role Adjustment**:                                       0

**Obstruction Adjustment**:                                0

**Adjusted Offense Level**:                                28

**b. Counts 1, 3, and 5 (Group 2)** – *Conspiracy to Interfere with Commerce by Robbery* and *Interference with Commerce by Robbery*:

**Base Offense Level**:     The base offense level is  20

**Specific Offense Characteristic**:

Firearm, destructive device, or controlled
substance was taken during the offense      +1
Loss was more than $95,000 but less
than $500,000                               +2

**Victim Related Adjustment**:                              0

**Role Adjustment**:                                       0

**Obstruction Adjustment**:                                0

**Adjusted Offense Level**:                                28

**c. Counts 1 and 4 (Group 3)** - *Conspiracy to Interfere with Commerce by Robbery* and *Interference with Commerce by Robbery*:

**Base Offense Level**:     The base offense level is  20

**Specific Offense Characteristic**:

Firearm was brandished or possessed         +5

Loss was more than $95,000 but less
than $500,000                               +2

6

**Victim Related Adjustment**:               0

**Role Adjustment**:                       0

**Obstruction Adjustment**:              0

**Adjusted Offense Level**:              27

    **d.**       **Counts 1, 3 and 5 (Group 4)** – *Brandishing a Firearm During and In Relation to a Crime of Violence*:

> The guideline for 18 U.S.C. § 924(c) offenses is found in USSG §2K2.4 of the guidelines. That section provides that an offense involving Brandishing a Firearm During and In Relation to a Crime of Violence has a base offense level of zero (Statutory). USSG §2K2.4.

    **e.**  **Multiple Count Adjustment:**

| Group # | Adjusted Offense Levels | Units |
|---------|------------------------|-------|
| 1 | 28 | 1 |
| 2 | 23 | 1 |
| 3 | 27 | 1 |
| 4 | 0 | 0 |

***Total Number of Units:***                    3.0

**Greater of the Adjusted Offense Levels Above:**    28

**Increase in Offense Level:**                 3

**Combined Adjusted Offense Level:**         31

    **f.**  **Chapter Four Enhancement: None. 0**

    **g.**  **Acceptance of Responsibility:**

7

The Defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. USSG §3E1.1(a).

**-2**

**h. Acceptance of Responsibility:**

The Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the intention to enter a plea of guilty. Accordingly, the offense level is decreased by one additional level. USSG §3E1.1(b).

**-1**

**i.  Total Offense Level:**                                               **28**

**Requested Reduction:**

The Government is seeking a six-level downward departure based on a 5K1.1. Should the Court apply the requested six-level reduction, the Defendant's resulting guidelines for the *Conspiracy to Commit Robbery* and *Interference with Commerce by Robbery* counts would be 41-51 months, followed by 84 months for the single count of *Brandishing a Firearm During and In Relation to a Crime of Violence*. The request for six-levels takes into account the Defendant's cooperation with law enforcement prior to trial, and further recognizes that the Defendant was not able to testify at trial through no fault of his own.  Accordingly, the United States requests a reduction consistent with an individual who cooperated *and* provided testimony at trial.

The Government respectfully requests that, in additional to the 6 level reduction, that the Court impose a sentence of 41 months followed by 84 months, for a total sentence of 125 months in custody. The United States believes that a total

sentence of 125 months is sufficient but not greater than necessary to achieve the factors set forth in 18 U.S.C. § 3553, specifically taking into account the offense, the particulars of the offender, the safety of the community, the impact of the crimes on the victims, promoting respect for the law, and promoting deterrence.

The Defendant is a grown man who grew up in a steady home, with two loving parents. Unfortunately, and not unlike many other individuals, he developed mental health issues.  More unfortunate is that he attempted to self-medicate to treat his issues, instead of staying on prescribed medication and obtaining therapy.  Wrapped up in his bad decisions was joining forces with Brian Wright and Danielle Perriera to commit a series of armed robberies.  The Government recognizes that the Defendant has mental health issues, but at the same times notes that the Defendant was 24 years old at the time he made a decision to not one, not twice, but three times to enter jewelry stores, point firearms at victims and steal jewelry and other items that were worth thousands and thousands of dollars.  Equally disturbing is that during one of those robberies the Defendant boldly disarmed a security guard. These armed robberies were not committed by a child.  These armed robberies were not committed under duress. These armed robberies were well planned and, until a brave manager took control of the final robbery in progress and obtained key information, well executed. The Defendant had multiple opportunities to choose *not* to commit the robberies; but made the wrong choice each and every time. Cole is also a man who knows right from wrong, and a man who has a supportive family and friends before

offense, and will have the same when he stands before this Court for sentencing. The Defendant's acts of violence are inexcusable. That being said, Cole accepted responsibility for his acts and cooperated with authorities. As such, he should be given full credit for his cooperation – which is what the Government seeks when it requests a six-level reduction in the Defendant's sentencing guidelines. The Government hopes that Cole never finds himself in this position again, and further hopes that once out of custody that a term of supervised release provides the Defendant with much needed structure, guidance, and rehabilitation.

DATED this 30th day of September, 2016.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

//s//

CRISTINA D. SILVA
Assistant United States Attorney

1

## CERTIFICATE OF SERVICE

2

    I, Cristina D. Silva, certify that the following individuals were served with a

3

copy of the foregoing on this date by the below identified method of service:

4

5

**Electronic Case Filing**

6

7

Lisa R. Rasmussen, Esq.
Law Office of Lisa Rasmussen
601 South Tenth Street, Suite 100
Las Vegas, Nevada 89101

8

9

Kathleen Bliss, Esq.
Kathleen Bliss Law Group
400 South Fourth Street, Suite 500
Las Vegas, Nevada 89101

10

11

12

    Dated:  September 30, 2016

13

14

/s/ *Cristina D. Silva*

15

_____
CRISTINA D. SILVA
Assistant United States Attorney

16

17

18

19

20

21

22

23

24

11